UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-9893-GW-AJRx | Date December 21, 2023 |
| Title HSBC Bank USA National Association v. Vien Phuong Ho, et al. | Page 1 of 2 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – RULING ON EX PARTE MOTION TO REMAND [9]**

Vien Phuong Ho ("Defendant"), in pro per, removed this case from Los Angeles County Superior Court to this Court on November 21, 2023, purportedly on the basis of federal question and diversity jurisdictions pursuant to 28 U.S.C. §§ 1331-32. *See* Notice of Removal at 1-2 ("Notice"), Docket No. 1. The complaint in this matter indicates that it is an unlawful detainer action brought by Plaintiff HSBC Bank USA against Defendant merely seeking possession of residential property located at 2622 Fashion Ave, Long Beach, CA 90810. There is no request for the payment of rent or other charges.

Plaintiff has filed an ex parte motion to remand the matter back to state court for lack of subject matter jurisdiction. The Court GRANTS the motion for reasons stated herein.

Federal courts possess limited jurisdiction, having such jurisdiction only over matters authorized by the Constitution and/or Congressional statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction, and the party claiming federal jurisdiction bears the responsibility of proving otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and "[t]he removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) and *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (omitting internal citations).

Defendant's assertion that there is diversity jurisdiction is untenable. First, while he has alleged that the parties are citizens of different states, he has not delineated the citizenship of either the Plaintiff or himself. Second, assuming that Defendant is a citizen of California, under the "forum defendant rule," he cannot remove this action to federal court under 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-9893-GW-AJRx | Date | December 21, 2023 |
|---|---|---|---|

| Title | HSBC Bank USA National Association v. Vien Phuong Ho, et al. | Page | 2 of 2 |
|---|---|---|---|

of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Third, the complaint does not allege damages in excess of $75,000, and Defendant has not proffered any facts to show that the amount in controversy requirement has been met.

As to federal question jurisdiction, here the complaint raises a single cause of action for unlawful detainer. It has been consistently held that "a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, [hence] no basis for federal question jurisdiction appears on the face of the Complaint." *See, e.g., ESA Management, LLC v. Kaler*, No.: 3:23-cv-01324-RBM-MMP, 2023 WL 4932088, at *2 (S.D. Cal. Aug. 2, 2023), quoting *Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011). Additionally, it has been held that a defense to a state cause of action which is premised upon federal law cannot be the ground for a removal based upon a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

Finally, it is noted that Plaintiff has filed this motion on an ex parte basis. Normally, a motion to remand should not be considered without input from the non-moving Defendant. However, dismissals on the basis of a lack of subject matter jurisdiction can be made in an ex parte or even sua sponte proceeding. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).

As subject matter jurisdiction is lacking for the foregoing reasons, this action is remanded forthwith to the Los Angeles County Superior Court.